[Civ. No. 4566. Third Appellate District.—September 27, 1932.]

NORTH HOLLYWOOD MORTGAGE COMPANY (a Corporation), Appellant, v. HOWARD B. HENSHEY et al., Respondents.

412

Wheeler & Wackerbarth and Henry E. Carter for · Appellant.

Bailie, Turner & Lake for Respondents.

PLUMMER, J.—The respondents' demurrers to plaintiff's second amended complaint were sustained without leave to amend, and thereafter the action was dismissed by the trial court of its own motion. The cause is here upon the plaintiff's appeal.

The complaint sets forth eleven causes of action, and if any one of the causes of action set forth contains sufficient facts to require an order overruling respondents' demurrers thereto, the judgment must be reversed. With this in view we will set forth herein in regular order all the allegations constituting the seventh cause of action, which in effect prays for a judgment quieting title to the lands and premises now owned by the plaintiff. The several causes of action set forth in the complaint detail the issuance of stock, the sale of stock, and the transfer of stock in violation of the order of the corporation commissioner of the state of California. That these violations may have taken place prior to the plaintiff having acquired title to the premises now owned by it does not estop the plaintiff from maintaining its action to quiet

title if the mortgages hereinafter referred to were executed without consideration.

On the part of the appellant it is argued that the plaintiff was not a party to the unlawful issue and transfer of stock. On the part of the respondents it is claimed that the plaintiff corporation necessarily participated in the unlawful issue of stock. However, it does appear from the complaint that if the plaintiff corporation did participate in the unlawful issue and transfer of stock, the participation was at a time when the defendant B. F. Tatem was the president and manager of the plaintiff corporation, and the plaintiff corporation did not derive any pecuniary benefit therefrom.

It is also contended by the respondents that whatever profit the defendant B. F. Tatem derived from the stock, issues and transfers, it was at a time when he was the president of the B. F. Tatem Finance Corporation, and that whatever moneys B. F. Tatem unlawfully acquired were taken from the assets of the B. F. Tatem Finance Corporation, and not from any property belonging to the plaintiff corporation.

On the part of the plaintiff it is contended further that the North Hollywood Mortgage Company, a corporation, is but a continuation of the B. F. Tatem Finance Corporation, and that the money so unlawfully obtained by B. F. Tatem really belongs to the plaintiff in this action.

If it be assumed that the plaintiff corporation is a separate and distinct corporation, and not a continuation of the B. F. Tatem Finance Corporation, as contended for by the respondents, the right of the plaintiff to have its title to the lands described in the complaint quieted as against fictitious mortgages is in nowise affected, as the illegal stock transfers do not trench upon or limit such right.

That the seventh cause of action set forth in the plaintiff's complaint may clearly appear, we set forth herein in chronological order all of the complaint which by appropriate references is included within said cause of action, to wit: The complaint first alleges the corporate character of the plaintiff, and then that the B. F. Tatem Finance Corporation was a corporation organized under the laws of the state of California, on or about the eleventh

day of June, 1924, with an authorized capitalization of 50,000 shares of the par value of $10 per share, of which 20,000 shares were preferred and 30,000 shares were common; that thereafter the authorized capitalization was increased to 250,000 shares of the par value of $10 per share, 120,000 shares of which were preferred and 130,000 shares were common stock. The corporate character of the defendant Citizens National Trust & Savings Bank is then alleged, and also the corporate character of the Virginia Investment Corporation. The complaint next alleges that B. F. Tatem was the president and director and general manager of the B. F. Tatem Corporation, and that he drew a salary therefrom as such manager.

It further appears from the complaint that on or about the twenty-eighth day of December, 1928, the B. F. Tatem Finance Corporation was regularly dissolved. It is then alleged that the plaintiff was incorporated on or about the eighteenth day of July, 1927; that the defendant B. F. Tatem was one of the incorporators, and was a director of the Corporation, down to and including April 27, 1929; that the defendant B. F. Tatem was the president of the plaintiff corporation from the date of its incorporation down to and including May 23, 1928, and was the manager of the corporation during all of said period. The complaint further alleges that during the time B. F. Tatem was the manager of the plaintiff corporation he received a salary of $500 per month, and that during said time a contract, in form, was entered into between the plaintiff and the said B. F. Tatem, by which B. F. Tatem was to receive an additional compensation of thirty-five per cent of the selling price of certain lands belonging to the plaintiff. It is then set forth in the complaint that while B. F. Tatem was the manager of the B. F. Tatem Finance Corporation he caused the books and records of said corporation to be destroyed in order to prevent the plaintiff from acquiring information as to the acts of said corporation and B. F. Tatem as the manager thereof. The complaint then sets forth that the property of the North Hollywood Mortgage Company is property acquired from the B. F. Tatem Finance Corporation, and that upon this property B. F. Tatem claims to hold two mortgages, one in the sum of $40,000 and the other in the sum of $80,000,

as set forth in paragraphs contained in the fifth cause of action (which we will set forth in full hereafter). It is further alleged that under the plan in pursuance of which the North Hollywood Mortgage Company was organized, and the B. F. Tatem Finance Corporation dissolved, the said B. F. Tatem being manager of both of said corporations at the time, was that units of stock of the B. F. Tatem Finance Corporation were to be exchanged for a like number of shares of the North Hollywood Mortgage Company, the stock of the North Hollywood Mortgage Company to be distributed among the holders of stock of the B. F. Tatem Finance Corporation, and then the transaction to be completed by the transfer of all the assets of the B. F. Tatem Finance Corporation to the North Hollywood Mortgage Company, and that the said defendant B. F. Tatem was appointed to make the transfer of stock, as just set forth.

The complaint then sets forth a description of all and singular the real estate claimed to belong to the plaintiff, and for which it asks that its title be quieted, and then by appropriate references makes the following allegations a part of the seventh cause of action:

"That while said defendant was president and director of the plaintiff corporation he, as president of said corporation, executed in the name of said corporation a trust deed for the principal sum of eighty thousand dollars ($80,000.00), in which J. T. McElhaney was named as beneficiary and the North American Bond & Mortgage Company, a corporation, was named as trustee. That the said trust deed was made to secure the payment of a note in the principal sum of eighty thousand dollars ($80,000.00), the same bearing date on or about the 16th day of January, 1929, and bearing interest at the rate of seven (7) per cent per annum, payable quarterly from the 31st day of March, 1929, and said note being payable on or before one year after date. That as a matter of fact the said named beneficiary had no financial interest whatever in the said note or trust deed and advanced no part of any money and gave no consideration whatever for the said note and trust deed, as plaintiff is informed and believes and alleges the fact to be. Plaintiff is further informed and believes and alleges the fact to be that the said note and

trust deed were executed for the benefit of said defendant B. F. Tatem. That said defendant B. F. Tatem claims to own said note and all moneys accruing thereunder. That plaintiff is informed and believes and alleges the fact to be that the said defendant Tatem gave no consideration whatever for said note; and plaintiff is informed and believes and alleges the fact to be that the said defendant B. F. Tatem did not give a consideration in the sum of eighty thousand dollars ($80,000.00) for said note or any consideration whatever. That said trust deed is recorded in book 8956, at page 273, of official records in the office of the county recorder of Los Angeles county, California. That the property described in said trust deed as security for the payment of said note is the same property as that described in paragraph III of the third cause of action herein, which has by reference (been) embodied in this fifth cause of action. That no part of said note has been paid but there is still unpaid, the principal sum of eighty thousand dollars ($80,000.00).

"That while said defendant was president and director of the plaintiff corporation he, as president of said corporation, executed in the name of said corporation a trust deed for the principal sum of forty thousand dollars ($40,000.00), in which Howard B. Henshey was named as beneficiary and the North American Bond and Mortgage Company, a corporation, was named as trustee. That the said trust deed was made to secure the payment of a note in the principal sum of forty thousand dollars ($40,000.00), the same bearing date on or about the 9th day of February, 1928, and bearing interest at the rate of seven (7) per cent per annum, payable quarterly, and said note being payable on or before one year after date. That as a matter of fact the said named beneficiary had no financial interest whatever in the said note or trust deed and advanced no part of any money and gave no consideration whatever for the said note and trust deed, as plaintiff is informed and believes and alleges the fact to be. Plaintiff is further informed and believes and alleges the fact to be that the said note and trust deed were executed solely for the benefit of said defendant B. F. Tatem. That said defendant B. F. Tatem claims to own said note and all moneys ac-

cruing thereunder. That plaintiff is informed and believes and alleges the fact to be that the said defendant Tatem gave no consideration whatever for said note; and plaintiff is informed and believes and alleges the fact to be that the said defendant B. F. Tatem did not give a consideration in the sum of forty thousand dollars ($40,000.00) for said note or any consideration whatever. That said trust deed is recorded in book 8383, page 153, of official records in the office of the county recorder of Los Angeles county, California. That the property described in said trust deed as security for the payment of said note is the same property as that described in paragraph III of the third cause of action herein, which has been by reference embodied in this fifth cause of action. That no part of said note has been paid but there is still unpaid the principal sum of forty·thousand dollars ($40,000.00).''

These allegations are followed by the setting forth of a claim on the part of the plaintiff that it is the owner of all and singular the real estate to which we have referred. That the defendants named in this action, and each of them, claim an interest in the property adverse to the plaintiff. That the claims of the defendants, and each of them, are without right, validity or foundation whatever, and that the defendants, nor any of them, have any right, title or interest in and to said property adverse to the title of the plaintiff herein.

The transcript shows, as we have stated, that the B. F. Tatem Finance Corporation was in existence from the eleventh day of June, 1924, until April 27, 1929, and that the plaintiff corporation has been in existence since the eighteenth day of July, 1927. It thus appears that the two corporations were in existence at the same time for nearly two years and that the transactions involving the acquiring of money on the part of B. F. Tatem by the issuance and transfer of stock affected only the rights and interests of the B. F. Tatem Finance Corporation and its stockholders. There is nothing in the complaint, nor in any of the several causes of action set forth, which shows that the plaintiff in this action has acquired any right or interest in and to the recovery of any of the moneys secured by B. F. Tatem if it be assumed that those moneys

were wrongfully obtained from the B. F. Tatem Finance Corporation, and this is true even though it be assumed that the plaintiff corporation is but a continuation of the B. F. Tatem Finance Corporation because so far as the complaint is concerned it only shows that at the time of the transfer of the units of stock of one corporation for units of stock in the other corporation there was then transferred to the plaintiff the real estate set forth in the complaint and referred to in this opinion. This, however, does not limit the right of the plaintiff in so far as it may be entitled to a decree of the court holding that the mortgages or trust deed held by the defendant B. F. Tatem are illegal and void and should be removed as a cloud upon plaintiff's title.

We do not need to follow the arguments of respondents wherein it is claimed that the record upon this appeal is insufficient to enable this court to pass upon its merits. What we have said sufficiently shows that the record does contain all that is necessary for this court to consider in determining whether the seventh cause of action contains sufficient facts to entitle the plaintiff to a trial. If the respondents had desired a more complete record they might have brought the same to the attention of this court by suggesting a diminution thereof. The original complaint was not brought up upon this appeal as part of the record, but if the amended complaint sets forth sufficient facts, consideration of the original complaint becomes wholly immaterial. And this is doubly true by reason of the fact that we are confining what we have said strictly to the seventh cause of action, being of the opinion that the other causes of action set forth in the complaint are insufficient, without going through them in detail. What we have said in relation to the seventh cause of action shows practically all that is set forth in the other causes of action, and from which it appears that the demurrers to the other causes of action were properly sustained.

Being of the opinion that the demurrers to the seventh cause of action were improperly sustained, it follows that the judgment of dismissal should be reversed. And it is so ordered, and the cause remanded with directions to the trial court to overrule the demurrers as to the seventh cause of

action, permitting the respondents to file answers thereto within such time as the court may deem just, if so advised.

Preston, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supereme Court on March 21, 1932.